**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

TRUSTEES OF THE NEW YORK CITY DISTRICT
COUNCIL OF CARPENTERS PENSION FUND,
WELFARE FUND, ANNUITY FUND, and
APPRENTICESHIP, JOURNEYMAN RETRAINING,
EDUCATIONAL AND INDUSTRY FUND, TRUSTEES
OF THE NEW YORK CITY CARPENTERS RELIEF
AND CHARITY FUND, and THE CARPENTER
CONTRACTOR ALLIANCE OF METROPOLITAN NEW
YORK,

                    Petitioners,

          - against -

DAME CONTRACTING, INC.,

                    Respondent.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 5/5/2025

**25 Cv. 2557 (VM)**

**DECISION AND ORDER**

**VICTOR MARRERO, United States District Judge.**

Petitioners Trustees of the New York City District
Council of Carpenters Pension Fund, Welfare Fund, Annuity
Fund, and Apprenticeship, Journeyman Retraining, Educational
and Industry Fund, Trustees of the New York City Carpenters
Relief and Charity Fund, and the Carpenter Contractor
Alliance of Metropolitan New York (collectively,
"Petitioners") bring this action against Dame Contracting,
Inc. ("Respondent") to confirm an arbitration award. Now
before the Court is Petitioners' unopposed petition to
confirm the award (the "Petition"). (See "Pet.," Dkt. No. 1.)
Petitioners also seek post-judgment interest pursuant to 28
U.S.C. § 1961 ("Section 1961") and attorneys' fees and costs
incurred in this federal action. (See id.) For the reasons

1

explained below, the Petition is **GRANTED IN PART** and **DENIED IN PART**, as Petitioners' request for litigation costs incurred in this federal action is **DENIED**.

## I.    BACKGROUND

Petitioners are benefit funds in New York. (See Pet. ¶¶ 4-7.) At all relevant times, Respondent was a member of the Association of the Wall, Ceiling, and Carpentry Industries of New York, Inc. (the "Association"). (See id. ¶ 8; Dkt. No. 1-1.) As a member of the Association, Respondent agreed to be bound by all agreements entered into between the Association and the New York City District Council of Carpenters (the "Union"). (See Pet. ¶¶ 1, 9.) Pursuant to a collective bargaining agreement between the Association and the Union (the "CBA"), Respondent was required make contributions to Petitioners for all work performed by its employees within the trade and geographical jurisdiction of the Union. (See id. ¶ 11; "CBA," Dkt. No. 1-2, Art. XVII, § 1.) The CBA also required Respondent to make its books and payroll records available for an audit to ensure compliance with the contribution requirements. (See Pet. ¶ 12; CBA, Art. XVII, § 1(a).)

Respondent refused to submit to an audit for the period of September 14, 2021, through the then-present date. (See

2

Pet. ¶¶ 20-22.) In response, Petitioners commenced an arbitration pursuant to the CBA's arbitration clause. (See id. ¶ 23.) After providing notice to both parties, the arbitrator held a hearing on October 3, 2024, (see Dkt. No. 1-9), but Respondent failed to appear. (See "Arb. Award," Dkt. No. 1-10 at 2.)

On November 15, 2024, the arbitrator issued an Opinion and Default Award (the "Arbitration Award") in favor of Petitioners. (See Pet. ¶ 24; Arb. Award at 1-3.) The arbitrator found Respondent to be in default and concluded that the uncontroverted testimony and evidence established that Respondent violated the CBA when it failed to comply with the requested audit. (See Pet. ¶ 25; Arb. Award at 2.) In support of their claims, Petitioners submitted a report containing an estimate of Respondent's overdue contributions. (See Pet. ¶ 22; Dkt. No. 1-8.) Petitioners estimated, and the arbitrator agreed, that Respondent's unpaid contributions totaled $2,047,011.17. (See Arb. Award at 2.) In addition to awarding the unpaid contributions, the arbitrator awarded liquidated damages and reasonable fees and costs, for a total award of $2,774,039.72. (See id. at 2-3; Pet. ¶ 26.) The arbitrator also awarded pre-judgment interest at the rate of 10.5 percent per annum and ordered Respondent to provide its books and records within thirty days of the Award to

3

Petitioners' auditors. (See Arb. Award at 3; Pet. ¶¶ 27-28.) Petitioners subsequently demanded that Respondent comply with the Arbitration Award, but Respondent failed to do so. (See Pet. ¶¶ 29-30; Dkt. No. 1-11.)

On March 27, 2025, Petitioners commenced this action to confirm the Arbitration Award. (See Pet.) Along with the Petition, Petitioners submitted numerous exhibits related to the underlying arbitration as well as a supporting memorandum of law. (See "Pet'rs' Mem.," Dkt. No. 5.) On April 7, 2025, the Court directed Respondent to provide, within five days, a business address for service of process in this action, a declaration affirming whether it contemplated submitting an opposition to the Petition, and a statement showing cause as to why the Petition should not be granted. (See "Order," Dkt. No. 13.) On April 8, 2025, Petitioners served Respondent with the Petition and the Order. (See Dkt. No. 14.) On April 29, 2025, based on Respondent's failure to respond to the Petition and comply with the Order's directives, the Court granted Petitioners' request to construe the Petition as an unopposed motion for summary judgment. (See Dkt. No. 16.) To date, Respondent has not entered an appearance in this action or contested the Petition.

## II.  <u>STANDARD OF REVIEW</u>

"The Federal Arbitration Act provides a streamlined process for a party seeking to confirm, vacate, or modify an arbitration award." <u>Glob. Gold Mining LLC v. Caldera Res., Inc.</u>, No. 18 Civ. 4419, 2019 WL 367824, at *4 (S.D.N.Y. Jan. 30, 2019) (citation omitted). In furtherance of this streamlined procedure, judicial review of an arbitral award is sharply circumscribed "so as not to frustrate the twin goals of arbitration, namely, settling disputes efficiently and avoiding long and expensive litigation." <u>Scandinavian Reinsurance Co. v. Saint Paul Fire & Marine Ins. Co.</u>, 668 F.3d 60, 71-72 (2d Cir. 2012) (citation omitted). Even where a Court believes the arbitrator was incorrect, an award should be confirmed if the decision was within the scope of the arbitrator's authority. <u>See</u>, <u>e.g.</u>, <u>United Paperworkers Int'l Union v. Misco, Inc.</u>, 484 U.S. 29, 38 (1987). Generally, confirmation of an arbitration award "merely makes what is already a final arbitration award a judgment of the court." <u>D.H. Blair & Co. v. Gottdiener</u>, 462 F.3d 95, 110 (2d Cir. 2006) (citation omitted).

The movant's burden "is not an onerous one" and requires only "a barely colorable justification for the arbitrator's conclusion." <u>Neshgold LP v. N.Y. Hotel & Motel Trades Council, AFL-CIO</u>, No. 13 Civ. 2399, 2013 WL 5298332, at *7 (S.D.N.Y.

Sept. 19, 2013) (citations omitted). "The arbitrator's rationale for an award need not be explained, and the award should be confirmed if a ground for the arbitrator's decision can be inferred from the facts of the case." Maersk Line Ltd. v. Nat'l Air Cargo Grp., Inc., No. 16 Civ. 6272, 2017 WL 4444941, at *2 (S.D.N.Y. Oct. 4, 2017) (citations omitted); Whittaker v. MHR Fund Mgmt. LLC, No. 20 Civ. 7599, 2021 WL 9811715, at *11 (S.D.N.Y. Sept. 28, 2021) ("[C]ourts must grant an arbitration panel's decision great deference." (citation omitted)).

### III. <u>DISCUSSION</u>

Because Respondent has failed to appear or respond to the Petition, the Court treats the Petition as an unopposed motion for summary judgment. (<u>See</u> Dkt. No. 16.) <u>See</u> <u>D.H.</u> <u>Blair</u>, 462 F.3d at 109 (an unopposed petition to confirm an arbitration award should generally be treated "as akin to a motion for summary judgment," not a default judgment); <u>Trs.</u> <u>of N.Y.C. Dist. Council of Carpenters Pension Fund, Welfare</u> <u>Fund, Annuity Fund, & Apprenticeship, Journeyman Retraining,</u> <u>Educ. & Indus. Fund v. Krefab Corp.</u>, No. 21 Civ. 2520, 2021 WL 3621357, at *1 (S.D.N.Y. Aug. 16, 2021) (regarding unopposed petition to confirm arbitration award as an unopposed motion for summary judgment).

Having reviewed the Petition, the memorandum of law, as well as the accompanying documents, the Court finds that the arbitrator acted within the scope of his authority. See N.Y.C. Dist. Council of Carpenters v. Gen-Cap Indus., Inc., No. 11 Civ. 8425, 2012 WL 2958265, at *3 (S.D.N.Y. July 20, 2012). Further, Petitioners have shown that there is no dispute of material fact and that Petitioners are entitled to judgment as a matter of law. See Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, & Apprenticeship, Journeyman Retraining, Educ. & Indus. Fund v. BP Interiors Corp., No. 23 Civ. 10692, 2024 WL 4150726, at *1 (S.D.N.Y. Aug. 5, 2024). The Court therefore confirms the arbitration award.

The Court is also persuaded that Petitioners' request for attorneys' fees is proper. Generally, "the prevailing party in federal court litigation is not entitled to recover legal fees incurred in the conduct of that litigation" absent express statutory authority. Bliven v. Hunt, 579 F.3d 204, 212 (2d Cir. 2009). In the context of confirmation proceedings, however, attorneys' fees may be awarded "when a challenger refuses to abide by an arbitrator's decision without justification." Trs. of the N.Y.C. Dist. Council of Carpenters Pension Fund v. Coastal Env't Grp., Inc., No. 16 Civ. 6004, 2016 WL 7335672, at *3 (S.D.N.Y. Dec. 16, 2016)

(quoting Int'l Chem. Workers Union, Local No. 227 v. BASF Wyandotte Corp., 774 F.2d 43, 47 (2d Cir. 1985)).

Here, Respondent failed to participate in the arbitration proceeding despite having been duly notified of the hearing, failed to satisfy the award, and failed to appear in this action to oppose the Petition. "In so doing, [Respondent] has failed to offer any justification for its refusal to abide by the decision of the arbitrator." Id. at *4; see also N.Y.C. Dist. Council of Carpenters Pension Fund v. E. Millenium Constr., Inc., No. 03 Civ. 5122, 2003 WL 22773355, at *3 (S.D.N.Y. Nov. 21, 2003) (awarding attorneys' fees and costs where respondent "chose not to participate in the arbitration proceedings or even to oppose [Petitioners'] application for confirmation of the arbitration award"); Trs. of the Dist. Council No. 9 Painting Indus. Ins. Fund v. Drywall & Acoustics of N.E. Inc., No. 21 Civ. 5632, 2021 WL 3617266, at *2 (S.D.N.Y. Aug. 16, 2021) (request for attorneys' fees and costs was proper where respondent refused to comply with the arbitration award).

Petitioners seek $1,408.50 in attorneys' fees incurred in this federal action. (See Pet. ¶ 40; Pet'rs' Mem. at 5-7.) In support of this request, Petitioners have submitted contemporaneous billing records with descriptions of the completed tasks, the number of hours expended, and the hourly

rates for the pertinent attorneys' and legal staff. (See Dkt.
No. 1-12; Pet'rs' Mem. at 6-7.) See N.Y. State Ass'n for
Retarded Child., Inc. v. Carey, 711 F.2d 1136, 1148 (2d Cir.
1983) ("[Contemporaneous time] records . . . should specify,
for each attorney, the date, the hours expended, and the
nature of the work done."). Petitioners have also included
the professional experience of the relevant billing
attorneys. (See Pet. ¶¶ 36-38.) The Court finds that the
number of hours expended and the billing rates for the
attorneys and other legal staff are reasonable. (See Dkt. No.
1-12.) See BP Interiors Corp., 2024 WL 4150726, at *1
(awarding $2,542 in attorneys' fees arising from an unopposed
petition to confirm arbitration award).

Petitioners also seek $131.75 in costs incurred in this
federal action. However, the Court declines to award the
requested costs because Petitioners have not submitted any
documentation of these expenditures. See Tabak v. Lifedaily,
LLC, No. 21 Civ. 04291, 2021 WL 5235203, at *6 (S.D.N.Y. Nov.
9, 2021) (a party "seeking to recover cost[s] is required to
submit bills or receipts of claimed expenses").

The Court also finds that an award of post-judgment
interest pursuant to Section 1961 is warranted. See Tru-Art
Sign Co. v. Loc. 137 Sheet Metal Workers Int'l Ass'n, 852
F.3d 217, 223 (2d Cir. 2017) (under Section 1961, the award

of post-judgment interest is mandatory on awards in civil cases); <u>AXA Versicherung AG v. New Hampshire Ins. Co.</u>, 962 F. Supp. 2d 509, 512 (S.D.N.Y. 2013) (Section 1961 applies to actions to confirm an arbitration award). Thus, Petitioners are entitled to post-judgment interest at the statutory rate defined in Section 1961,[1] which shall be calculated from the date this Decision and Order is entered.

## IV.   <u>ORDER</u>

For the foregoing reasons, it is hereby

**ORDERED** that the Petition (Dkt. No. 1) of Trustees of the New York City District Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, and Apprenticeship, Journeyman Retraining, Educational and Industry Fund, Trustees of the New York City Carpenters Relief and Charity Fund, and the Carpenter Contractor Alliance of Metropolitan New York (collectively, "Petitioners") for confirmation of the Opinion and Default Award dated November 15, 2024 (the "Arbitration Award") is **GRANTED IN PART** and **DENIED IN PART**; it is further

**ORDERED** that judgment against respondent Dame Contracting, Inc. ("Respondent") is entered in the amount of

---

[1] The Section 1961 interest rate is "calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding . . . the date of the judgment." 28 U.S.C. § 1961(a).

$2,774,039.72, plus pre-judgment interest from November 15, 2024, the date of the Arbitration Award, through the date of the judgment at an annual rate of 10.5 percent per annum; it is further

**ORDERED** that Respondent shall make its books and records available to Petitioners within thirty (30) days for the purposes of an audit in compliance with the Arbitration Award; it is further

**ORDERED** that Petitioners are awarded $1,408.50 in attorneys' fees arising out of this proceeding; it is further

**ORDERED** that Petitioners' request for $131.75 in costs arising out of this proceeding is denied for lack of documentation; and it is further

**ORDERED** that the Clerk of Court award Petitioners post-judgment interest that will accrue at the statutory rate pursuant to 28 U.S.C. § 1961 from the date of entry of this judgment until the judgment is paid.

The Clerk of Court is directed to dismiss all pending motions and to close this case.


**SO ORDERED.**

Dated:     5 May 2025
           New York, New York

                                    Victor Marrero
                                    U.S.D.J.

11